Dear Mr. Head:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Cypress Black Bayou Recreation and Water Conservation District ("Cypress") you have asked for our opinion on several questions relating to Louisiana Revised Statute49:125.
Your request indicates that Cypress owns a mobile home which previously had been used as housing for one of its park rangers. The mobile home is currently unoccupied and is no longer needed. Cypress desires to sell the mobile home as surplus property. However, you are not certain as to the correct procedure to follow and seek answers to the following questions:
 (1) Does the public auction referred to by La.Rev.Stat. 49:125 mean only that a licensed auctioneer sell the property or can the property be advertised and sold by the Sheriff of Bossier Parish at a regular auction sale?
 (2) Rather than a public auction by a licensed auctioneer can the sale be advertised and sealed bids be submitted to Cypress and the sale be to the highest sealed bid?
 (3) How many times must the advertisement appear in the official journal of the Parish?
 (4) Should the advertisement indicate the minimum bid of the appraised value of item to be sold, along with the right to reject any and all bids? *Page 2 
With respect to Questions (1) and (2), it has been the opinion of our office that municipalities and political subdivisions should follow the procedures outlined in LSA-R.S. 33:4712(F) or LSA-R.S. 49:125 to dispose of surplus movable property. See Attorney General Opinion Nos. 00-461, 98-352, 05-450. Also, this office has previously opined that a political subdivision may sell its surplus movable property to another public entity through an intergovernmental governmental agreement as provided by R.S. 33:1321 et seq., the "Local Services Law". See Attorney General Opinion No. 05-450. Further, La.R.S. 33:4711 authorizes a political subdivision to sell surplus property through the use of electronic technology including Internet websites that facilitate such sales.
La.R.S. 49:125 allows for the sale of surplus movable property at public auction by any political subdivision of the state. The statute authorizes the public entity to employ a qualified licensed auctioneer to handle the sale. The sale must be advertised and no sale shall be at a price less than is required by law, with the public entity reserving the right to reject any and all bids and remove the item from the sale.
La.R.S. 33:4712 (F) authorizes a municipality to sell movable property, which has an appraised value of $5,000 or less, at private sale provided there is a resolution passed which gives the reasons for the action and setting therein the minimum price and terms of the sale. In addition, notice of the resolution and proposed sale must be published at least 15 days prior to the date of the sale and the sale must be made to the highest bidder.
La.R.S. 33:1321 et seq., the "Local Services Law" provides for the purchase of surplus materials and supplies by one public entity from another without the other public entity going through a public auction. The transfer must be for a price that is commensurate to the value of the surplus property.
La.R.S. 33: 4711.1 authorizes a political subdivision to sell surplus property through the use of electronic technology, including Internet websites that facilitate such sales whether privately or publicly owned. The statute allows the political subdivision to pay the costs associated with the sale from the proceeds of such sale.
However, in response to the questions presented, our reading of La.R.S. 49:125 fails to reveal a mandate that only a licensed auctioneer conduct the sale by public auction. As such, we are of the opinion that the property in question can be advertised and sold by the Sheriff of Bossier Parish at a regular auction sale provided the requirements of La.R.S. 49:125 are met. Further, we believe the sale can be advertised and sealed *Page 3 
bids be submitted to Cypress, with the property awarded to the highest bidder, provided Cypress receives the property's fair value[1] .
Prior opinions of this office have recognized that it is public policy that property no longer needed for public purposes and sought to be sold should first be advertised as such to the general public. See Attorney General Opinion No. 01-06, 92-606. As pronounced in Attorney General Opinion No. 92-606, "notice to sell land is required because property devoted to public use by its very nature is held and owned by a political subdivision in trust for the use and benefit of its citizens." This publication and notice allows opportunity for opposition to the proposed action to be made known, and in our estimate, generates the most interest to get the best price for the property sought to be sold. Thus, the critical inquiry is not what method is used to sell the surplus property, but whether the proposed sale is advertised in such a manner as to adequately give the public notice of the proposed sale, as well as create sufficient interest in the sale so that the best price is obtained.
Turning attention now to your third question, we note that Louisiana Revised Statute 49:125 provides the following:
 § 125. Sale of surplus movable property at auction
 A. Notwithstanding any other provision of law to the contrary, the state or any board, commission, department or agency of the state or any political subdivision of the state is hereby authorized to sell surplus movable property at public auction, in addition to the other methods provided by law for such sales. The unit of government so desiring to sell surplus movable property at public auction is authorized to employ qualified licensed auctioneers to handle said sale.
 B. No sale at public auction shall be at a price which is less than is *Page 4 
required by law, and all such sales shall be advertised in the manner provided by law.
 C. The unit of government so desiring to sell surplus movable property at public auction shall reserve the right to reject any and all bids and remove said item of movable property from sale.
La.Rev.Stat. 49:125 mandates that all "such sales shall be advertised in the manner provided by law". However, La.Rev.Stat. 49:125 fails to set a minimum time period for advertising. Notwithstanding, in accord with the policy stated above, we are of the opinion that publication of the proposed sale, at least once, at least fifteen days prior to the date of sale, is acceptable. See La.Rev.Stat. 33:4712 (F).
With respect to your final question, in accord with our previous opinions and the public policy stated above, we believe an advertisement indicating the minimum bid of the appraised value of item to be sold, along with the right to reject any and all bids, would be acceptable.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _____________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
[1] Since the proposed transaction involves the alienation of public property, it must be examined in light of Article VII, Section 14 of the Louisiana Constitution of 1974, which provides, in pertinent part, the following: "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivisions shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This section mandates that, at a minimum, a public entity sell its surplus immovable property for fair value. This office has previously opined that fair value is best achieved by public bid, after the minimum bid is established by appraisal. The appraisal is a professional estimate that attempts to determine the fair market value of the property. Fair market value means the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or sell and both have a reasonable knowledge of relevant facts. Once an appraisal is obtained the fair value of the property is best determined by a public offering which subjects the property to actual market conditions.